1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  DAVE BENSON,                          )     No. SACV 21-1597-DDP(AGR)
                                          )
12                     Plaintiff,         )
                                          )     ORDER TO SHOW CAUSE
13            v.                          )
                                          )
14  CRAIG LINVILLE, et al,                )
                                          )
15                                        )
                     Defendants.          )
16  _____)
17
18          On September 29, 2021, Plaintiff filed a civil rights complaint against numerous
19  defendants.  For the reasons discussed below, the Court orders Plaintiff to show cause,
20  on or before **November 15, 2021**, why this Court should not recommend dismissal
21  without prejudice as to defendant Orange County Superior Court based on what is
22  commonly called *Younger* abstention and dismissal with prejudice as to California
23  Highway Patrol and the individual defendants in their official capacity under Eleventh
24  Amendment immunity.
25
26
27
28

# I.

## <u>SUMMARY OF PROCEEDINGS</u>

Plaintiff was charged with two felony counts of perjury by declaration and ten misdemeanor counts of various California Labor and Vehicle Code violations in a California state court.  (Dkt. No. 1 ("Complaint") at 14-18.)  According to the Orange County Superior Court Docket for Case No. 21CF1086, the case is pending and no hearing is currently scheduled.  The current case status is listed as "warrant."

Plaintiff's complaint arises from his state criminal proceedings and he requests that this court order the Superior Court to dismiss the criminal charges against him.  It appears that Plaintiff seeks to bring a civil rights action.[1]  Plaintiff names as defendants: (1) California Highway Patrol ("CHP") employees Craig Linville, Stephen Martinez, Butcher Carsel, and Leonard Hazelwood; (2) the CHP; and (3) "Superior Court of California, County of Orange, No. 21CF1086" ("Superior Court").  (Compl. at 1, 3.)  The Complaint does not enumerate any counts.  It is unclear what cognizable civil right(s) Plaintiff believes Defendants violated.  Plaintiff alleges that, "[b]y color of law, Defendants are applying commercial law to non-commercial activity.  Under color of law, Defendants are converting non-commercial activity into crimes.  That is a misuse of state power." (*Id.* at 2.)  He further alleges that the criminal complaint and warrant issued against him "are based on false accusations created under color or law.  A false basis always results in a false conclusion." (*Id.* at 5.)  Plaintiff seeks compensatory and punitive damages from the individual defendants, and dismissal with prejudice of the pending charges in state court.  (*Id.* at 4-5.)

---

[1] The Complaint includes a state court civil cover sheet on which checked a box under "civil rights" and listed "42 U.S.C. § 1983" as the cause of action.  (Complaint at 21.)

## II.

### *YOUNGER* ABSTENTION

Plaintiff's claim against the Superior Court appears to be barred by *Younger* abstention.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (applying *Younger* abstention to complaint for declaratory or equitable relief).  *Younger* abstention is analyzed "'in light of the facts and circumstances existing at the time the federal action was filed.'"  *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (citation omitted).

"*Younger* abstention is appropriate when:  (1) there is an ongoing state judicial proceedings; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018) (alterations and internal quotations omitted); *see Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, all of the prerequisites to *Younger* abstention appear to have been met. Criminal proceedings satisfy the second prong.  *Younger*, 401 U.S. at 49; *see Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (*Younger* abstention extends to "'state criminal prosecutions'") (citation omitted).  The first prong is satisfied because Plaintiff's criminal case is ongoing.  The court takes judicial notice pursuant to Fed. R. Evid. 201 that the Orange County Superior Court's online docket for OCSC Case No. 21CF1086 indicates that Plaintiff's criminal case remains pending.  Plaintiff's complaint involves California's important interest in the order and integrity of its criminal proceedings under the third prong.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  As to the fourth prong, nothing prevents

Plaintiff from raising his federal claims in state court.  *See, e.g.*, *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Therefore, *Younger* abstention appears appropriate.

There is no indication that any exception to *Younger* abstention would apply. Plaintiff's complaint seeks a dismissal of his criminal case.  *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (applying *Younger* abstention to request for "injunction aimed at controlling or preventing the occurrence of specific events" in future state criminal trial" and "ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent"); *Williams v. California*, 700 Fed. Appx. 581, 582 (9th Cir. 2017) (affirming dismissal under *Younger* abstention); *Bishop v. Snohomish Superior Ct.*, 569 Fed. Appx. 497, 497-98 (2014) (affirming dismissal under *Younger abstention of* civil rights claims based on pending state criminal charges).

Plaintiff has not shown that any exception to *Younger* applies to this case. *Younger* abstention may not apply "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo*, 882 F.3d at 765-66 (quoting *Middlesex*, 457 U.S. at 437).  Plaintiff may show, for example, irreparable harm that is great and immediate.  *See, e.g.*, *Bean v. Matteuci*, 986 F.3d 1128, 1134-35 (9th Cir. 2021) (challenge to forcible injection of antipsychotic medications).

The complaint does not show irreparable harm that is "great and immediate" unless the federal court intervenes in his ongoing criminal case.  *See Younger*, 401 U.S. at 46 ("cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"; "threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of

injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"). Nor has Plaintiff alleged any facts that would show bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). Indeed, there is no indication that Plaintiff has yet presented his arguments in his criminal proceeding.

### III.

### ELEVENTH AMENDMENT IMMUNITY

The complaint names as defendants the CHP and four CHP officers. (Compl. at 1.) The Complaint does not specify whether the officers are sued in their individual or official capacity.

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states and state agencies are not "persons" subject to civil rights suits under § 1983. Moreover, the Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

A suit against a state officer in an official capacity is "another way of pleading an action against [the] entity of which [the] officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

Plaintiff asserts claim(s) against the CHP, which is as a state agency of California. Because the state of California has not consented to the suit, and because CHP is a state agency, the CHP has absolute immunity from being sued in federal court. *See O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued

under section 1983."); *Mulvaney v. California Highway Patrol*, 2018 WL 1114549, \*3 (C.D. Cal. Feb. 26, 2018) (listing cases).  Accordingly, Plaintiff's section 1983 claims against the CHP appear subjected to dismissal with prejudice, given that these claims are barred as a matter of law and leave to amend would be futile.  To the extent Plaintiff alleges claims against the CHP officers in their official capacity, such claims are also barred.  *See id*. at \*5 ("Just as the Eleventh Amendment bars claims against the CHP, the Eleventh Amendment bars claims against CHP officers and employees sued in their official capacities for money damages.").  No injunctive relief appears to be directed to the individual defendants in their official capacity.

### IV.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***November 15, 2021***, Plaintiff shall show cause, if there be any, in writing why this court should not recommend dismissal without prejudice as to Superior Court based on *Younger* abstention and dismissed with prejudice as to CHP and the individual defendants in their official capacity under Eleventh Amendment immunity.

***If Petitioner does not respond to this Order to Show Cause by November 15, 2021, the court may recommend that the Complaint be dismissed as to Superior Court, without prejudice, based on Younger abstention and dismissed as to CHP and individual defendants in their official capacity, with prejudice, under Eleventh Amendment immunity.***

DATED: October 15, 2021

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge